# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| RICHARD C. WEIDMAN | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:13-cv-00501 |
| EXXON MOBIL CORPORATION, et al. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Exxon Mobil Corporation, Clarion Ellis Johnson, Jeffrey Woodbury, Victoria Martin Weldon, Stephen D. Jones, Kent Dixon, F. Bud Carr, Daniel Whitfield, Jeremy Sampsell, Gerard Monsivaiz, and Meghan Hasson's (collectively "Defendants") Motion to Dismiss, and Plaintiff Richard Weidman's ("Plaintiff") Motion to Deny Defendant's Motion to Dismiss, Motion to Remand to State Court and Motion to Delay Hearing. Plaintiff, pro se, brought this lawsuit against his former employer, Exxon Mobil Corporation ("ExxonMobil") and ten employees of ExxonMobil for fraud, intentional infliction of emotional distress, personal injury, and wrongful discharge/breach of contract.

Plaintiff was employed as a Senior Physician in ExxonMobil's Fairfax, Virginia, office from 2007 until his

1

termination in January 2013. During all times relevant to this action; Defendant Clarion Johnson ("Johnson") served as the Medical Director of ExxonMobil, Defendant Jeffrey Woodbury ("Woodbury") served as the Vice President of ExxonMobil for Safety, Security, Health and Environment and supervised Johnson, Defendant Victoria Martin Weldon ("Weldon") served as the U.S. Director of Medicine and Occupational Health for ExxonMobil, and began supervising Plaintiff in or around February 2010, Defendant Stephen Jones ("Jones") reported to Johnson and supervised Weldon, and Defendant Rex Tillerson ("Tillerson") is the CEO of ExxonMobil. Defendants Daniel Whitfield ("Whitfield"), Kent Dixon ("Dixon), Jeremy Sampsell ("Sampsell"), and F. Bud Carr ("Carr"), conducted investigations into Plaintiff's violation and retaliation reports. Defendant Meghan Hasson ("Hasson") is an ExxonMobil employee working in the Human Resources Department.

Upon being hired as an ExxonMobil employee, Plaintiff was required to read ExxonMobil's <u>Standards of Business Conduct</u> ("the handbook"), a handbook detailing employee standards with respect to violations, and the reporting of such, and non-retaliation by ExxonMobil against employees. According to Plaintiff, employees of ExxonMobil are prohibited, by the handbook, from creating an intimidating, hostile, or offensive work environment, and from unreasonably interfering with an

2

individual's work performance. Plaintiff claims that he attended yearly meetings where videos were played depicting Defendant Tillerson, CEO of ExxonMobil, guaranteeing that employees would never suffer retaliation for reporting violations of the law or violations of the ethics policies of ExxonMobil.

Plaintiff alleges that in or around 2009 he discovered that ExxonMobil had been operating illegal pharmacies in the United States, and that large quantities of medication were being illegally stockpiled in the ExxonMobil Fairfax, Virginia, clinic, as well as in other clinics. Plaintiff asserts that many senior managers were aware of the illegal activities, including Johnson, Weldon and Jones. Plaintiff further contends that Defendant Jones requested that Plaintiff participate in a scheme involving a pharmacy that was distributing stockpiled medication to ExxonMobil employees. In January 2010, Plaintiff says that he informed Defendant Johnson that he would not obtain a New Jersey medical license to be used at an ExxonMobil medical clinic as long as the clinic was operating an illegal pharmacy. In response to this, Plaintiff alleges that Defendant Johnson became physically intimidating toward Plaintiff.

Following Plaintiff's report of violations, on an unidentified date, he alleges that Defendant Johnson initiated a "campaign of retaliation" by humiliating Plaintiff and

3

characterizing him as a poor performer, and implying that Plaintiff was a pedophile at an office gathering in January 2010. Shortly thereafter, Plaintiff reported, via email, his belief that Defendant Johnson was retaliating against him for prior complaints, that ExxonMobil was violating pharmacy laws in several states, that Defendant Johnson and the Medical Department were permitting legal violations to occur, and that Johnson had withheld information from corporate headquarters that a nurse had been terminated for falsifying medical records. ExxonMobil then proceeded to conduct an investigation into Plaintiff's allegations and concluded that Defendant Johnson had not harassed Plaintiff and that the pharmacies were legal.

On an unspecified date after the investigation into Plaintiff's complaint, he alleges that various implications and comments were made with respect to his ability to perform and that he was required to begin participation in a performance improvement plan. In September 2011, Plaintiff claims to have received an email from ExxonMobil's Legal Department alleging that ExxonMobil pharmacies had been in violation of multiple state laws. Plaintiff then sent another email to unidentified senior managers of ExxonMobil informing them that Defendant Johnson and other members of the Medical Department had retaliated against him and that there had been a cover up of these actions in the course of the first investigation into

4

Plaintiff's complaints. A second investigation was then conducted; Defendant Sampsell and Carr led the investigation. During the investigation, Defendant Carr allegedly admitted to Plaintiff that ExxonMobil had been operating illegal pharmacies for years and that Defendant Johnson had permitted the illegal pharmacy operations. Carr also told Plaintiff that he was a poor performer and that ExxonMobil had developed a "plan" to deal with Plaintiff and his complaints.

The meetings associated with the performance improvement plan were conducted by Defendant Weldon and attended by Defendant Hasson. During the meetings, there was purportedly no mention of performance improvement, but only the creation of new tasks for Plaintiff with the hope of over-burdening him and causing his failure to perform. In late October 2012, Plaintiff supposedly complained to J. Seth Barnes, a Human Resources representative, about the "oppressive and unjustifiable" meetings conducted by Defendant Weldon. Plaintiff claims to have been particularly concerned about a performance improvement meeting scheduled just days before he was to undergo surgery. The meeting, scheduled for October 24, 2012, occurred and Plaintiff claims to have had a heart attack during the meeting as a result of the stress inflicted upon him. Plaintiff's employment was terminated in January 2013 for continued poor work performance and failure to cooperate with the plan.

In order to survive a Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss a complaint must set forth "a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Twombly, 550 U.S. at 556. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Twombly, 550 U.S. at 555. Further, "conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995).

In order to establish his fraud claim Plaintiff must show (1) a false representation; (2) of material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reasonable reliance by the party misled; and (6) resulting damage to the misled party. Prospect Dev. Co., Inc. v. Bershader, 258 Va. 75, 515 S.E.2d 291 (1999). Additionally, Plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff needs to allege with particularity, "the time, place, and contents of the false representations, as well as the

identity of the person making the misrepresentation and what he obtained thereby." See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). Plaintiff vaguely refers to Defendant Tillerson, and unnamed members of the Human Resources and Law Departments, representing that there would be no retaliation against him for reporting violations. These representations, and the vague fraud allegations, seem to stem primarily from the handbook and associated meetings. Plaintiff does not include the details of the representations or who made them and when. Plaintiff fails to allege with any specificity the facts necessary to establish a fraud claim.

Additionally, a two year statute of limitations bars Plaintiff's fraud claim because Plaintiff filed suit more than two years after he concluded that the anti-retaliation policy he claims to have relied upon was not being honored by ExxonMobil and its employees. Va. Code Ann. § 8.01-243(a). Plaintiff's Complaint admits that by 2010 he had concluded the anti-retaliation policy was not being complied with. Plaintiff allegedly discovered that he was being retaliated against in 2010, more than two years prior to the time that he filed suit in March 2013, thus his fraud claims are absolutely time barred by Va. Code Ann. § 8.01-243(a) ("every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues"). The limitations period begins

running when the fraud "is discovered or by the exercise of due diligence reasonably should have been discovered." Id. at § 8.01-249(1).

Counts II and III of Plaintiff's Complaint allege intentional infliction of emotional distress and personal injury. To state a claim for intentional infliction of emotional distress under Virginia law, a plaintiff must allege: (1) the wrongdoer's conduct was "intentional or reckless;" (2) the conduct was "outrageous and intolerable;" (3) there was a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the resulting distress was severe. Womack v. Eldridge, 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974). Plaintiff argues that he was accused of being a poor performer and verbally attacked at times; he also contends he was impliedly called a pedophile and a thief. Plaintiff's allegations fall far short of establishing outrageous and intolerable conduct. Even the allegations that Defendants Johnson and Dixon falsely implied that Plaintiff was a pedophile and a thief are insufficient as a matter of law to establish "outrageous and intolerable conduct." It is insufficient for a defendant to have "acted with an intent which is tortious or even criminal . . . liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to

8

be regarded as atrocious, and utterly intolerable in a civilized community." Russo v. White, 241 Va. 23, 27, 400 S.E.2d 160, 161 (1991). Plaintiff sets forth no facts that rise to the level of outrageous and intolerable conduct.

Additionally, the personal injury claim is barred by the Virginia Workers' Compensation Act, which provides the exclusive remedy for workplace injuries such as these. Va. Code Ann. § 65.2-100 et seq. Coverage under the VWCA is triggered, and common law remedies barred, where the employee suffered "an injury by accident arising out of and in the course of the employment." Va. Code Ann. § 65.2-101. An injury, therefore, falls within the purview of the VWCA if it: (1) occurs by accident; (2) arises out of the employee's employment; and (3) arises in the course of the employee's employment. Combs v. Virginia Elec. & Power Co., 259 Va. 503, 508, 525 S.E.2d 278, 281 (2000). The injury Plaintiff points to, namely the heart attack, was an accident that arose out of his employment with ExxonMobil and in the course of his employment with ExxonMobil. Plaintiff fails to state a claim for intentional infliction of emotional distress or personal injury.

Plaintiff also fails to state a claim for wrongful discharge. Plaintiff made no showing to rebut the presumption that he was an at-will employee. When an employee is at-will, in Virginia, either party may terminate the relationship at its

9

discretion for any reason, unless the discharge would violate public policy. See Miller v. SEVAMP, Inc., 234 Va. 462, 362 S.E.2d 915, 916-17 (1987). Plaintiff failed to identify the public policy statute that ExxonMobil violated in discharging him from employment, and in allegedly operating illegal pharmacies, and thus did not remotely establish that his termination falls within the public policy exception. Additionally, the handbook did not create a contract for employment between ExxonMobil and Plaintiff. Plaintiff has not attached any purported agreement to the Complaint that would establish a contract, or otherwise pleaded facts that adequately describe any such contractual obligation. Plaintiff fails to state a claim for wrongful discharge or breach of contract.

As to Plaintiff's Motion to Remand, Plaintiff cannot state a claim as to Defendants Monsivaiz, Sampsell and Hasson. Plaintiff's basis for the Motion to Remand is that this Court does not have jurisdiction due to the fact that Defendants Monsivaiz, Sampsell and Hasson are Virginia residents, therefore creating a lack of complete diversity. Defendants argue that the 3 Defendants are fraudulently joined. In order to establish that a non-diverse defendant has been fraudulently joined, the removing party must establish either: "[t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court;

or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). For the aforementioned reasons, Plaintiff fails to state a claim against these three Defendants, or any of the Defendants for that matter. Defendant Monsivaiz is not even mentioned in the Complaint. Plaintiff fraudulently joined 3 of the 11 named Defendants - Jeremy Sampsell, Gerard Monsivaiz, and Meghan Hasson - which allows this Court to retain subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

Plaintiff's Motion to Deny the Motion to Dismiss is improper and should be denied. Plaintiff's Motion to Delay the Hearing on the Motion to Dismiss is now moot.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
August  1 , 2013

11